IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| EDWARD GIBBS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 20-1550-VAC |
| | ) |
| WARDEN METZGER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Edward Gibbs, Jr., Bridgeville, Delaware.  Pro Se Plaintiff.

April 7, 2022
Wilmington, Delaware


**NOREIKA, U.S. DISTRICT JUDGE**

Plaintiff Edward Gibbs, Jr., ("Gibbs or "Plaintiff"), a former inmate at Plummer Community Correction Center in Wilmington, Delaware, since released, filed this action pursuant to 42 U.S.C. § 1983[1] on November 14, 2020.[2] (D.I. 1). He filed an Amended Complaint on December 22, 2020. (D.I. 5). He appears *pro se*. The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915A(a).[3]

I. **BACKGROUND**

Plaintiff alleges that all Defendants committed constitutional violations on August 9, 2014, when they failed to place a ladder on bunk beds and denied Plaintiff medical treatment and medication. (D.I. 1 at 6). Plaintiff was housed in A-tier top bunk from August 1, 2018 until December 16, 2018, in a single bunk. (*Id.* at 5). Plaintiff alleges that beginning August 1, 2018,

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule" and a complaint is deemed filed as of the date it was delivered to prison officials for mailing to the court. *See In Houston v. Lack*, 487 U.S. 266 (1988), *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002); *Rivers v. Horn*, 2001 WL 312236, at *1 n.1 (E.D. Pa. March 29, 2001) (extending Houston to *pro se* prisoner § 1983 complaints).

Plaintiff did not date his complaint. The envelope in which it was mailed is post-marked November 14, 2020. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing some time before November 14, 2020. As no other dates are apparent from Plaintiff's filing, the Court concludes that the Complaint was filed on November 14, 2020, the day of the post-mark. Even assuming Plaintiff delivered his filing to prison official officials one week prior to the post-mark date (*i.e.*, November 7, 2020), as will be discussed, the claims are time-barred.

[3] Section 1915A(b)(1) is applicable to all prisoner lawsuits regardless of whether the litigant paid the fee all at once or in installments. *Stringer v. Bureau of Prisons, Federal Agency*, 145 F. App'x 751, 752 (3d Cir. 2005).

he "had to climb up and down on the top bunk" and, around December 16, 2018 he "was moved to a single bunk." (*Id.* at 7). Plaintiff alleges that he has a torn meniscus and ligaments and requires a surgical repair. (*Id.*). A March 23, 2020 MRI showed the injury. (*Id.*).

Plaintiff filed an Amended Complaint on December 22, 2020. It contains the same allegations as in the original Complaint, but changes the date of occurrence to November 2, 2018. (D.I. 5 at 5).

Plaintiff seeks compensatory damages.

**II.      LEGAL STANDARDS**

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also*; 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and the Complaint and Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless"

or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant a Plaintiff leave to amend unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.   DISCUSSION

For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1985). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. . § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*,

408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).  Accordingly a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915A(b)(1).

Plaintiff alleges that he was housed in a Smyrna jail and assigned a top bunk from August 1, 2018 until December 16, 2018, when he was placed in a single bunk.  (D.I. 1 at 5).  There are no allegations of wrongful actions during this time-frame, only a reference to bunk assignment.  Plaintiff specifically complains of acts occurring on August 9, 2014 and November 2, 2018.  (*See* D.I. 1 at 6; D.I. 5 at 5). He did not file his Complaint until November 14, 2020, *see supra* n.2, some two weeks after the expiration of the limitation period.  Hence, it is evident from the face of the Complaint and Amended Complaint that all claims are barred by the two year limitation period.

Because Plaintiff's allegations are time-barred the Court will dismiss the Complaint and Amended Complaint as time-barred pursuant to 28 U.S.C. § 1915A(b)(1).

## IV.     CONCLUSION

For the above reasons, the Court will dismiss the Complaint and Amended Complaint as time-barred pursuant to 28 U.S.C. § 1915A(b)(1).  The Court finds amendment futile.

An appropriate Order will be entered.